UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
MITCHELL RAKOFF,                             :
                                             :
              Plaintiff,            :       **ORDER ADOPTING**
                                             :       **REPORT AND RECOMMENDATION**
                                             :       05-CV-2862 (DLI)(JMA)
          -against-                          :
                                             :
JO ANNE B. BARNHART,                         :
COMMISSIONER OF SOCIAL SECURITY:
              Defendant.            :
-------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

      Plaintiff Mitchell Rakoff ("Rakoff") brings this action, pro se, pursuant to 42 U.S.C. § 405(g) of the Social Security Act challenging a determination by the Commissioner of Social Security, Jo Anne B. Barnhart ("Commissioner") denying him Social Security benefits for a disability that allegedly existed prior to July 1983. On July 22, 2005, Rakoff filed an application for appointment of counsel to facilitate this appeal. By order dated July 29, 2005 this court referred the application to U.S. Magistrate Judge ("MJ") Joan M. Azrack for preparation of a Report and Recommendation ("R&R") to address whether Rakoff should be provided counsel. MJ Azack issued a R&R on July 31, 2006 and recommended that the application be denied. Rakoff filed timely objections to the R&R on August 8, 2006. For the reasons set forth below, the Court adopts MJ Azrack's R&R in its entirety.

**Discussion**

      When reviewing a magistrate judge's report, a district judge must make a *de novo* determination with respect to those parts of the R&R to which any party objects." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b); *See also United States v. Raddatz,* 447 U.S. 667, 673-76, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980). Rakoff's objections to the R&R are (1) that he is currently disabled and

indigent and cannot effectively advocate on his own behalf; and (2) that his claim has merit because he was disabled prior to July 1983. *See* "SSI Rebuttal" of Mitchell Rakoff (ECF docket no. 19), ("Rebuttal").[1]

The Second Circuit has instructed that when determining whether to appoint counsel, the court should examine "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, his efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172 (2d Cir. 1989). These considerations are not coequal, however, and the court must first determine whether the claim has merit before moving onto other considerations. *Id; see also Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir.1997) ("[i]n deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance.").

Rakoff is claiming benefits for a disability he allegedly suffered prior to July of 1983. The record in this case demonstrates that the Social Security Administration ("SSA") has reviewed Rakoff's claim that he was disabled prior to 1983 three times, and three times denied Rakoff benefits. *See* Memorandum of Law in Support of the Commissioner's Motion for Judgement on the Pleadings ("Memo in Support") 2-3. Rakoff first applied for benefits in April of 1982, alleging a disability beginning in June of 1976. *Id.* This claim was denied in June of 1982. *Id.* Rakoff reapplied for benefits in July of 1983, alleging disability beginning in 1968. *Id.* The claim was initially denied, but after several appeals and a suit in federal district court, it was determined that Rakoff was disabled beginning on June 15, 1983, not in 1968, as Rakoff originally claimed. *Id.* In

---

[1] The court construes this document as Rakoff's objections to the R&R.

August of 1993, Rakoff asked the SSA to reopen the denial of the April, 1982 claim. The SSA did so, and in July of 2003 it denied the claim, finding *again* that Rakoff was not disabled prior to June 15, 1983. Rakoff now appeals the July of 2003 determination. Because the SSA has determined that Rakoff was not disabled prior to June 15, 1983 on three separate occasions, the court sees little merit to the current appeal. Likewise, the court agrees with MJ Azrack that, prior to July of 1983, Rakoff had residual functional capacity to preform simple, repetitive and non-stressful work, disqualifying him for benefits prior to that time. R&R 5. Because the court is skeptical of plaintiff's claims, the court finds that this case does not merit the dedication of scarce pro-bono legal resources. *See Maldonado v. Barnhart*, 01-CV-6481, 2002 WL 31898200 *1 (S.D.N.Y. Dec. 30, 2002) ("[c]ourts [do not] perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.").

Rakoff claims that his disability has gotten worse over the years. The court is sympathetic to his professed need for assistance in opposing the SSA's motion for judgement on the pleadings.[2] Rebuttal 2-3. However, this case can be determined by reviewing the record, and Rakoff is fully capable of doing this himself, perhaps with the assistance of a family member. Likewise, because this case relates to a disability that existed prior to July of 1983, there is nothing new that can be added to the record, either by pro-bono counsel or by Rakoff. *See Pimentel v. Commissioner of Social Security*, 97-CV-7136, 1998 WL 690819 * 1 (S.D.N.Y. Sept. 30, 1998) (application for counsel denied where there were no outstanding legal issues and the outcome of the could be determined by a review of an already complete record).

---

[2] Rakoff has filed a document entitled "Rebuttal of Social Security Administration" (ECF docket no. 14) but has not filed a formal opposition to the SSA's motion for judgement on the pleadings.

## Conclusion

Plaintiff's objections are overruled and the R&R is adopted in its entirety. Accordingly, plaintiff's application for the appointment of counsel is denied. As plaintiff has not replied to respondent's motion for judgement on the pleadings, the court sets the following amended briefing schedule: plaintiff's opposition is due November 17, 2006 and respondent's reply, if any, is due November 28, 2006.

SO ORDERED.

DATED:    Brooklyn, New York
                October 19, 2006

_____/S/_____
DORA L. IRIZARRY
United States District Judge